J-A16040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　:　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　　　:　　　　　PENNSYLVANIA
　　　　　　　　Appellant　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　v.　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
DARNELL SMITH　　　　　　　　　　:　No. 1990 EDA 2024

Appeal from the Order Entered July 23, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005704-2023

BEFORE:  LAZARUS, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KING, J.:　　　　　　　　　　**FILED JULY 23, 2025**

　　　　Appellant, the Commonwealth of Pennsylvania, appeals from the order entered in the Philadelphia County Court of Common Pleas, granting the suppression motion filed by Appellee, Darnell Smith.[1]  We affirm.

　　　　The suppression court opinion set forth the relevant facts of this appeal as follows:

> On July 8, 2023, Philadelphia Police Lieutenant Andre Simpson responded to the scene of a multi-vehicle crash on the 300 block of E. Upsal Street in Philadelphia.  Upon arrival, Lieutenant Simpson observed medics on scene and [Appellee] standing beside a white Audi SUV.  Lieutenant Simpson approached [Appellee] and asked if he was the driver of the white Audi.  Appellee responded in the

---

[1] The Commonwealth has certified that the order on appeal will terminate or substantially handicap its prosecution.  **See** Pa.R.A.P. 311(d) (permitting the Commonwealth to "appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution").

affirmative. During his interaction with [Appellee], Lieutenant Simpson noted that [Appellee] had bloodshot eyes, an unsteady gait and slurred speech. Lieutenant Simpson believed that [Appellee] was under the influence. When backup officers arrived, [Appellee] was placed under arrest. During a search incident to arrest, the police recovered a firearm from [Appellee]'s right hip area, brass knuckles, and a small jar of PCP [referring to phencyclidine]. [Appellee] was then transported to a nearby hospital for medical treatment.

Lieutenant Simpson testified that he had approximately 22 years of experience at the time of this incident, that he arrested many individuals for [driving under the influence ("DUI")]. He further testified that he was certified to conduct standard field sobriety tests. Nevertheless, [neither] Lieutenant Simpson nor his fellow officers conducted standard field sobriety tests prior to arresting [Appellee]. Lieutenant Simpson stated during cross-examination that [Appellee] understood and readily answered all his questions, that the accident was "pretty serious," and that he was uncertain whether [Appellee]'s slurred speech was the result of intoxication or injuries sustained in the accident. Lieutenant Simpson stated that he did not detect the odor of alcohol or marijuana during his interaction with [Appellee], and he did not observe any bottles of alcohol or narcotics in [Appellee]'s car.

(Suppression Court Opinion, 12/3/24, at 2) (citations to the record omitted).[2]

Subsequent to this interaction, Appellee was arrested and charged with DUI, reckless endangerment, possession of a controlled substance, possession of a prohibited offensive weapon, and several violations of the Uniform

_____

[2] The certified record contains body camera footage taken by Officer Dimascia, which was introduced as the Commonwealth's Exhibit 4. (*See* N.T. Suppression, 7/23/24, at 11-12). The body camera footage is not germane to the issue at hand, as it does not begin until after Appellee's detention.

Firearms Act.[3] On September 7, 2023, Appellee filed an omnibus pretrial motion to suppress. On July 23, 2024, the court held a suppression hearing. That same day, the court entered an order granting Appellee's suppression motion.

On July 31, 2024, the Commonwealth timely filed a notice of appeal pursuant to Rule 311(d). On August 2, 2024, the court ordered the Commonwealth to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On August 18, 2024, the Commonwealth timely complied.

On appeal, the Commonwealth raises a single issue for review:

> Did the [suppression] court err by concluding that police lacked probable cause to arrest [Appellee] where he struck another car resulting in a multi-vehicle collision, he had bloodshot eyes, an unsteady gait, and slurred speech, and an experienced officer determined that he had been driving under the influence?

(Commonwealth's Brief at 3).

The Commonwealth argues that the suppression court erred in finding that the traffic stop was not supported by probable cause, and that the subsequent recovery of contraband was fruit of the poisonous tree. The Commonwealth asserts that police reasonably concluded that Appellee was under the influence, given that he struck another car and caused a four-vehicle accident, and manifested typical signs of intoxication, including slurred speech, bloodshot eyes, and swaying from side to side. According to the

_____

[3] 75 Pa.C.S.A. § 3802, 18 Pa.C.S.A. § 2705, 35 P.S. § 780-113(a)(16), 18 Pa.C.S.A. §§ 908, 6105, 6106, and 6108, respectively.

Commonwealth, a highly experienced officer could conclude that this behavior was the result of intoxication and not a physical injury. The Commonwealth claims there was probable cause to support Appellee's arrest for DUI even in the absence of Appellee not displaying every possible sign of intoxication. The Commonwealth concludes that the court should have denied the suppression motion, and this Court must grant relief. We disagree.

"At a suppression hearing, the Commonwealth has the burden of establishing by a preponderance of the evidence that the evidence was properly obtained." *Commonwealth v. Heidelberg*, 267 A.3d 492, 499 (Pa.Super. 2021) (*en banc*), *appeal denied*, ___ Pa. ___, 279 A.3d 38 (2022) (internal citation and quotation marks omitted).

> When the Commonwealth appeals from a suppression order, we follow a clearly defined standard of review and consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. The suppression court's findings of fact bind an appellate court if the record supports those findings. The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts.
>
> Our standard of review is restricted to establishing whether the record supports the suppression court's factual findings; however, we maintain *de novo* review over the suppression court's legal conclusions.

*Commonwealth v. Korn*, 139 A.3d 249, 252-53 (Pa.Super. 2016), *appeal denied*, 639 Pa. 157, 159 A.3d 933 (2016) (internal citations and quotation marks omitted).

To be lawful, an arrest must be supported by probable cause to believe that a crime has been committed by the person who is to be arrested. *Commonwealth v. Holton*, 906 A.2d 1246, 1249 (Pa.Super. 2006). A police officer must make a common sense decision whether there is a fair probability that a crime was committed by the suspect. *Id.* Whether probable cause exists is a highly fact-sensitive inquiry that must be based on the totality of the circumstances as viewed through the eyes of a prudent, reasonable, cautious police officer guided by experience and training. *Commonwealth v. Clark*, 558 Pa. 157, 164, 735 A.2d 1248, 1252 (1999); *Holton, supra* at 1249; *Commonwealth v. Nobalez*, 805 A.2d 598, 600 (Pa.Super. 2002). "[P]robable cause does not involve certainties, but rather the factual and practical considerations of everyday life on which reasonable and prudent [human beings] act." *Commonwealth v. Wright*, 867 A.2d 1265, 1268 (Pa.Super. 2005), *appeal denied,* 583 Pa. 695, 879 A.2d 783 (2005), *cert. denied,* 546 U.S. 1104, 126 S.Ct. 1047, 163 L.Ed.2d 879 (2006) (citation and internal quotation omitted).

*Commonwealth v. Wells*, 916 A.2d 1192, 1195 (Pa.Super. 2007).

In DUI cases, the circumstances must be sufficient to "warrant a prudent person to believe that [the defendant had] been driving under the influence of alcohol or a controlled substance." *Commonwealth v. Hilliar*, 943 A.2d 984, 994 (Pa.Super. 2008) (internal quotation marks and citations omitted).

[This Court has discussed numerous examples of factors which provide probable cause to arrest a defendant for DUI. *See, e.g.,*] *Commonwealth v. Slonaker*, 795 A.2d 397, 402 (Pa.Super. 2002) (the police possessed probable cause to arrest the defendant for DUI because the defendant "drove erratically for an extended period of time, smelled of alcohol, and had bloodshot, glassy eyes"); *Commonwealth v. Dommel*, 885 A.2d 998, 1002-1003 (Pa.Super. 2005) (the police had probable cause to arrest the defendant for DUI, where the accident victim reported that the defendant "broadsided the victim's moving vehicle without stopping, drove through four more red lights at moderate speed, and

eventually parked his pickup truck partially behind a residence in an apparent attempt to hide the truck from view;" moreover, when the police arrived at the defendant's residence with a show of force, the defendant "neither stopped nor ran away; instead, he just continued to walk into his home and left the door standing wide open behind him"); *Commonwealth v. Peters*, 915 A.2d 1213, 1219-1221 (Pa.Super. 2007) (probable cause existed to support the defendant's arrest where: the defendant crashed his truck into a telephone pole and drove off; when questioned by the police, the police observed that the defendant "had bloodshot, glassy eyes, and emitted a strong odor of alcohol;" the defendant admitted to the officer that he "drank five beers before the accident;" and, the defendant gave the officer "a far-fetched account [of the accident, declaring that he] swerv[ed] his vehicle to miss a dog that was chasing a bunny"); *Commonwealth v. Simmen*, 58 A.3d 811, 817-818 (Pa.Super. 2012) (concluding that the officer had probable cause to arrest the defendant for DUI because: "[the defendant] was involved in a hit-and-run accident in which he hit a retaining wall, a stairway railing, and a mailbox at approximately 1:00 in the morning[; the defendant] was unable to control his vehicle to avoid an accident that occurred on a dry night with no adverse weather conditions[; d]espite being the sole cause of the accident, [the defendant] did not notify the homeowner of the accident, but drove away, leaving his front bumper in the homeowner's yard[; the defendant] admitted drinking alcohol earlier that evening and stated that he left the scene of the accident because he felt his vehicle was 'drivable'[; and, when the officer arrived at the defendant's] residence, he noted that [the defendant's] eyes were bloodshot and he smelled of alcohol") (citations omitted).

*Commonwealth v. Sears*, 311 A.3d 34, 40-41 (Pa.Super. 2024).

We further note that "[e]vidence constitutes fruit of the poisonous tree, and must be suppressed, if it was obtained by 'exploitation' of the illegality ... and so long as the taint of that illegality has not been purged." *Commonwealth v. Shabezz*, 641 Pa. 92, 113-114, 166 A.3d 278, 290

(2017). "The general rule excludes all evidence unlawfully seized, [as well as] the direct and indirect products of the illegality." ***Commonwealth v. Santiago***, 653 Pa. 183, 210, 209 A.3d 912, 928 (2019).

Instantly, the suppression court explained:

> … Lieutenant Simpson responded to the scene of a multi-car crash. It was clear from the Lieutenant's testimony that he did not observe the accident as it unfolded. Lieutenant Simpson spoke with several motorists as well as [A]ppellee and properly concluded that [A]ppellee was the driver and owner of one of the vehicles involved in the accident. The Lieutenant noted that [A]ppellee had bloodshot eyes, an unsteady gait and slurred speech. While these could be signs of impairment, they were just as likely to have been caused by the accident. Indeed, Lieutenant Simpson testified that the accident was significant, and that [A]ppellee required medical attention afterward. Lieutenant Simpson did not observe erratic driving, speeding or other moving violation[s] – behaviors indicative of [DUI]. He did not detect the odor of alcohol or marijuana, and he did not observe bottles of alcohol, narcotics, or drug paraphernalia in [A]ppellee's vehicle. Moreover, standard field sobriety tests were not conducted and there was no admission by [A]ppellee to drinking or using drugs prior to driving. The results of roadside sobriety testing or additional questioning by the police could have provided further indicia of intoxication or impaired driving which would have justified [A]ppellee's arrest.
>
> This case is distinguishable from numerous cases where police observe multiple factors establishing probable cause to arrest for DUI. [Comparing ***Simmen, supra***; ***Peters, supra***; ***Dommel, supra***; ***Slonaker, supra***.]
>
> The Commonwealth has the burden of proof during a suppression motion. Based upon the totality of all relevant circumstances, Lieutenant Simpson did not have probable cause to arrest [A]ppellee for DUI. As a result, [the] arrest was illegal and the subsequent recovery of contraband was fruit of the illegal arrest.

(Suppression Court Opinion, 12/3/24, at 4-6).

The record supports the suppression court's analysis. On cross-examination, Lieutenant Simpson admitted that the behavior Appellee exhibited, namely, slow responses, slurred speech, and difficulty standing straight, could have been byproducts of head trauma. (*See* N.T. Suppression Hearing, 7/23/24, at 19). Lieutenant Simpson admitted that he did not smell any odor of marijuana or alcohol on Appellee. (*See id.* at 21). Lieutenant Simpson further confirmed that he did not perform any field sobriety tests. (*See id.*) Lieutenant Simpson also admitted that he did not question Appellee beyond asking whether he was the driver of the vehicle that had hit the first car. (*Id.*) As the court acknowledged, the record from the suppression hearing is devoid of any description of Appellee's driving prior to the accident, or how the accident originally occurred.

On this record, we see no reason to disrupt the court's finding that police lacked probable cause to arrest Appellee for DUI. *See Sears, supra*; *Korn, supra*; *Wells, supra*. Therefore, the court properly suppressed the physical evidence recovered from Appellee as fruit of the poisonous tree. *See Santiago, supra*; *Shabezz, supra*. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>7/23/2025</u>