**Mark M. MOYER, Appellant**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 11, 2011.

Decided Sept. 14, 2011.

Craig A. Sopin, Philadelphia, for appellant.

Terrance M. Edwards, Assistant Counsel, Harrisburg, for appellee.

BEFORE: McGINLEY, Judge, and BROBSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.[1]

Mark M. Moyer (Licensee) appeals from the September 22, 2010, order of the Court of Common Pleas of Bucks County (trial court), which denied Licensee's challenge to the Department of Transportation's (DOT) suspension of his operating privileges under section 1547(b)(1) of the Vehicle Code (Code).[2] We affirm.

On March 30, 2010, Officer Seth Mumbauer of the Perkasie Borough Police Department was parked in his marked police vehicle in East Rockhill Township in a parking lot across the street from the Perkasie Borough municipal boundary line. At approximately 11:30 p.m., Officer Mumbauer observed Licensee fail to stop at the stop sign at the Callowhill Road and Branch Road intersection as Licensee was traveling south on Branch Road. The stop sign was located in East Rockhill Town-

---

1. This case was reassigned to the authoring judge on July 8, 2011.

2. 75 Pa.C.S. § 1547(b)(1). Section 1547(b)(1) of the Code authorizes DOT to suspend a person's operating privileges for refusing to submit to chemical testing.

ship. Officer Mumbauer activated his emergency lights, pursued Licensee and pulled Licensee over in Perkasie Borough. Officer Mumbauer suspected Licensee might have been under the influence of alcohol given the time of day and the manner in which the traffic violation occurred.

After Officer Mumbauer pulled Licensee over, he noticed Licensee had glassy and bloodshot eyes and detected a strong odor of alcohol emanating from Licensee. Based upon these observations, Officer Mumbauer asked Licensee to take a preliminary breath test, which Licensee refused. Thereafter, Licensee failed two field sobriety tests. Officer Mumbauer arrested Licensee for driving under the influence (DUI) and then took Licensee to the hospital for a blood draw. On the way to the hospital, Licensee told Officer Mumbauer that he planned to refuse the blood draw. At the hospital, Officer Mumbauer asked Licensee to submit to the blood test, gave Licensee the implied consent form to read, and read the form to Licensee. Licensee again refused to submit to the chemical testing.

On April 15, 2010, DOT sent Licensee notice of the suspension of his operating privileges for one year pursuant to 75 Pa. C.S. § 1547. Licensee appealed the license suspension to the trial court, which denied the appeal. Licensee now appeals to this court.[3]

Licensee argues that the trial court erred in denying his license suspension appeal where the police officer effectuating the vehicle stop did not have jurisdiction to investigate or cite Licensee, as the offense occurred in East Rockhill Township, and the Perkasie Borough police officer stopped Licensee in Perkasie Borough. We disagree.

■ Initially, we note that section 8953 of the Municipal Police Jurisdiction Act (MPJA),[4] which relates to **extra-territorial** municipal police officer jurisdiction, does not apply in this case because Officer Mumbauer arrested Licensee within his primary jurisdiction.[5] Section 8952 of the MPJA addresses a municipal police officer's authority to arrest within his primary jurisdiction. That section of the MPJA provides:

> Any duly employed municipal police officer shall have the power and authority

42 Pa.C.S. § 8953(a) (emphasis added).

---

**3.** Our scope of review is limited to determining whether the trial court committed an error of law or an abuse of discretion and whether the trial court's findings are supported by substantial evidence. *McDonald v. Department of Transportation, Bureau of Driver Licensing*, 708 A.2d 154, 155 (Pa.Cmwlth. 1998).

**4.** 42 Pa.C.S. § 8953. Section 8953(a) of the MPJA provides, in pertinent part, as follows:

(a) General rule.—Any duly employed municipal police officer who is within this Commonwealth, **but beyond the territorial limits of his primary jurisdiction**, shall have the power and authority to enforce the laws of this Commonwealth ... as if enforcing those laws or performing those functions within the territorial limits of his primary jurisdiction in the following cases....

**5.** Licensee contends that *McKinley v. Department of Transportation, Bureau of Driver Licensing*, 576 Pa. 85, 95, 838 A.2d 700, 706 (2003), and *Martin v. Department of Transportation, Bureau of Driver Licensing*, 588 Pa. 429, 447–48, 905 A.2d 438, 448–49 (2006), apply in this case. In these cases, our Supreme Court held that there must be a valid, territorially proper arrest prior to the implied consent provisions attaching. However, in *McKinley* and *Martin*, the arresting officers were outside of their jurisdictions when they made the arrests, so the matter was governed by section 8953 of the MPJA. In the present controversy, the arresting officer was within his jurisdiction when he made the arrest; thus, section 8953 of the MPJA does not apply.

to enforce the laws of this Commonwealth or otherwise perform the functions of that office anywhere **within his primary jurisdiction** as to:

(1) Any **offense** which the officer views or otherwise has probable cause to believe was **committed within his jurisdiction.**

(2) Any other event that occurs within his primary jurisdiction and which reasonably requires action on the part of the police in order to preserve, protect or defend persons or property or to otherwise maintain the peace and dignity of this Commonwealth.

42 Pa.C.S. § 8952 (emphasis added).

In this case, Officer Mumbauer observed Licensee commit a traffic violation in another jurisdiction. Based on the time of day and the manner in which the traffic violation occurred, Officer Mumbauer suspected Licensee might have been under the influence of alcohol. When Licensee crossed into Officer Mumbauer's jurisdiction, Officer Mumbauer pulled over the vehicle and observed additional signs of intoxication, e.g., the glassy and bloodshot eyes. Officer Mumbauer was authorized to arrest Licensee for DUI because, at that point, Licensee had committed the DUI offense within the officer's primary jurisdiction. Inasmuch as Officer Mumbauer viewed an offense committed within his jurisdiction, the officer had authority under section 8952 of the MPJA to arrest Licensee for DUI within that jurisdiction.

Accordingly, we affirm the trial court.

### ORDER

AND NOW, this 14th day of September, 2011, the September 22, 2010, order of the Court of Common Pleas of Bucks County is affirmed.