J-A20020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD STEPHEN DELGROS | |
| Appellant | No. 1472 WDA 2015 |

Appeal from the Judgment of Sentence entered June 23, 2015
In the Court of Common Pleas of Mercer County
Criminal Division at No: CP-43-CR-0001496-2014

BEFORE:  BOWES, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED DECEMBER 13, 2016**

Appellant, Edward Stephen Delgros, appeals from the judgment of sentence the Court of Common Pleas of Mercer County entered June 23, 2015.  Upon review, we affirm.

The trial court summarized the factual and procedural background as follows:

> In June of 2001, Robert Croyle was hired to install a doublewide for [Appellant].  Croyle used two I-beams to move the doublewide into position.  The I-beams were described as being lightweight magnesium, 20 plus feet long and had been purchased for $1,400 a piece.
>
> [Appellant] was not satisfied with the job.  Croyle left the beams and other materials behind with the plan to pick them up later.
>
> Croyle returned a week or so later to retrieve the I-beams and other materials.  The items were not at the site.  When Croyle questioned [Appellant] as to their whereabouts, [Appellant] indicated he did not know.

Croyle reported the I-beams were missing to the Hermitage Police Department.

Deputy Chief Eric Jewel of the Hermitage Police Department went to [Appellant]'s residence. [Appellant] told him he did not know what happened to the I-beams and gave Jewell permission to look for them. Deputy Chief Jewell was unable to find them. As a result, no charges were filed.

Several months later, [Appellant] asked his father to help him hide the I-beams in the woods. [Appellant] identified the I-beams as the ones Croyle had left.

Five to seven years later, [Appellant]'s father helped [Appellant] retrieve the I-beams. [Appellant] used them to build a porch on his house.

In April 2014, Danielle Hackett told the Hermitage Police that the I-beams were on the property and they might be visible from a certain vantage point. Deputy Chief Jewell went to the site, but was unable to see them.

Shortly thereafter, [Appellant]'s father told Deputy Chief Jewell [Appellant] had used them to build his porch.

Deputy Chief Jewell went to the residence and saw I-beams in the porch roof in plain view. He obtained a search warrant. Pursuant to the warrant, photographs were taken and a sample of the beams [was] taken.

The sample was tested and showed that the beams to be made of aluminum.

When confronted with the fact the I-beams were aluminum, Croyle indicated he thought they were magnesium, but they could have been aluminum. Croyle did, however, identify the I-beams in the photo taken by Deputy Chief Jewell as the I-beams that went missing in 2001, based on the holes in them.

A criminal complaint was filed against [Appellant] on August 20, 2014, charging him with Receiving Stolen Property, F-3.

- 2 -

A jury trial in this matter commenced on April 16, 2015. A verdict of guilty on the sole count was returned on April 17, 2015.

. . .

[Appellant] was sentence on June 23, 2015, to pay restitution in the sum of $2,800.00 and to pay a fine of $15,000.00.

Trial Court Opinion, 9/2/15, at 1-3 (citations to record omitted).

On appeal, Appellant raises the following issues:

I.      Whether the lower court erred by failing to dismiss the criminal charge as the applicable statute of limitations for the offense of receiving stolen property as a felony of the third degree, expired prior to the Hermitage Police Department [] securing the arrest warrant dated August 20, 2014[.]

II.     Whether the evidence presented by the Commonwealth was insufficient to sustain the verdict for receiving stolen property as a felony of the third degree[.]

III.    Whether, in evaluating the weight of the evidence challenge, the lower court committed an abuse of discretion by failing to engage in a meaningful analysis of the physical evidence as it contradicted the testimony presented in support of the verdict[.]

IV.     Whether the lower court committed legal error by concluding that the ineffective assistance of counsel claims raised in the post-sentence motion were by nature collateral claims and Appellant was ineligible for review[.]

Appellant's Brief at viii-ix.

In his first claim, Appellant argues the trial court erred in not finding that the statute of limitations barred the instant prosecution.[1]  Appellant acknowledges that receiving stolen property "can, and frequently is, a continuing offense."  Appellant's Brief at 11.  According to Appellant, the continuing offense rationale is designed to prevent criminals from "benefit[ing] from hiding a crime so well that no one knows they committed it."  *Id.*  However, he adds that, under the circumstances of the case, the rationale above described is not present because the instant crime was a complete offense when the police learned that the property was stolen and who stole it.  *Id.*  According to Appellant, the investigators' failure to pursue the investigation does not operate to extend the five-year statute of limitations.  *Id.*  Similarly, Appellant argues that his "alleged concealment of the property at issue" does not extend the statute of limitations.  *Id.*  We disagree.

It is well-established that receiving stolen property is an ongoing offense, which continues as long as the perpetrator retains possession of the stolen property.  *See*, *e.g.*, *Commonwealth v. Farrar*, 413 A.2d 1094, 1098 (Pa. Super. 1979) (the language of the statute defining the crime of

---

[1] A question regarding the application of the statute of limitations is a question of law.  *See Commonwealth v. Russell*, 938 A.2d 1082, 1087 (Pa. Super. 2007).  "Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary."  *Commonwealth v. Taylor*, 65 A.3d 462, 467 (Pa. Super. 2013).

receiving stolen property makes the offense an ongoing or continuing one); *see also Commonwealth v. Hawkins*, 439 A.2d 748, 752 (Pa. Super. 1982) (retention of stolen property is a "continuing" offense which does not terminate until the stolen property is taken from the accused). At the time of the filing of charges against Appellant, he continued to have possession of the stolen I-beams. Accordingly, the statute of limitations does not bar the instant prosecution.

Regarding the police officers' alleged knowledge of the identity of the culprit, the trial court noted: "The fact officers of the Hermitage Police Department *suspected* [Appellant] of stealing the I-beams in 2001 and investigated the alleged theft is irrelevant for purposes of the Statute of Limitations in this case. The I-beams were not located and the officers did not have a legal basis to charge him." Trial Court Opinion, 9/2/15, at 4 (emphasis added). We agree.

Next, Appellant's reliance on Sections 5552(b)(1) and/or 5552(c) of the Judicial Code to suggest that the statute of limitations bars the instant prosecution is misplaced. *See* 42 Pa.C.S.A. §§ 5552(b)(1), 5552(c) (relating to statute of limitations for offenses other than those listed in Section 5551). Indeed, neither section directly addresses the issue raised here. Interestingly, however, Appellant fails to mention that under Section 5552(d), which specifically deals with continuing offenses: "An offense is committed when every element occurs, or, if a legislative purpose to prohibit

*a continuing course of conduct* plainly appears, at the time when the course of conduct . . . is terminated." 42 Pa.C.S.A. § 5552(d) (emphasis added).

Finally, Appellant's reliance on **Commonwealth v. Cardonick**, 292 A.2d 402 (Pa. 1972) for the general proposition that the statute of limitations must be construed liberally in favor of the accused is also misplaced. **Cardonick** dealt with the tolling of the statute of limitations in connection with invalid indictments. There is no issue of tolling here. The only issue here is when the offense of receiving stolen property was committed. As noted, Section 5552(d) specifically provides that continuing offenses, such as receiving stolen property, are completed when the conduct constituting the crime is terminated.

Next, Appellant argues the evidence was insufficient to prove he committed the crime of receiving stolen property.[2] Specifically, Appellant argues the Commonwealth failed to prove the property at issue was stolen because the physical description of the stolen property provided by the

_____

[2] In **Commonwealth v. Mattison**, 82 A.3d 386 (Pa. 2013), our Supreme Court reiterated:

> In reviewing the sufficiency of the evidence, we examine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, support the jury's finding of all the elements of the offense beyond a reasonable doubt. The Commonwealth may sustain its burden by means of wholly circumstantial evidence.

*Id.* at 392 (citation omitted).

witness did not match the property recovered from Appellant. The argument is specious.

As correctly noted by the trial court, the mere fact that victim was wrong about what the I-beams were made of, and the fact of how long they were, does not negate the crime of receiving stolen property. If anything, the discrepancy may affect the weight of the evidence, not the sufficiency. At any rate, the record is sufficient to prove that the property was in fact stolen. "In the case at hand, the evidence established that [Appellant] stole [victim]'s I-beams in 2001, based on his admission to his father. [Appellant] had the [I-beams] and then used them to build a porch onto his residence." Trial Court Opinion, 9/2/15, at 5.

Next, Appellant argues the Commonwealth failed to provide sufficient evidence of the value of the stolen property. Specifically, according to Appellant, the Commonwealth failed to produce evidence of the fair market value[3] of the property at the time and place it was stolen. Appellant's Brief at 19. Additionally, Appellant argues that "under no circumstances should the value be based upon the amount of money [victim] paid for the [property]." *Id.* at 20.

_____

[3] "Market value has been defined as the price which a purchaser, willing but not obligated to buy, would pay an owner, willing but not obligated to sell[.]" *Commonwealth v. Hanes*, 522 A.2d 622, 625 (Pa. Super. 2007).

Appellant fails to recognize that "[t]estimony of the owner . . . is admissible to establish the market value of the stolen property." *Hanes*, 522 A.2d at 625. Here, the victim testified he paid $2,800 for the property.[4] The evidence, therefore, is sufficient to prove that the value of the stolen property exceeded $2,000.00. As such, the crime was properly graded as a felony of the third degree. *See* 18 Pa.C.S.A. 3903(a.1).

Next, Appellant argues the conviction is against the weight of the evidence. Essentially, Appellant argues the trial court abused its discretion in not weighing in his favor the inconsistencies between the physical description of the property as provided by the victim and the actual characteristics of property recovered from Appellant.

It is not our role to determine whether the conviction is against the weight of the evidence. On appeal, we determine whether the trial court abused its discretion in denying his challenge. *Commonwealth v. Widmer*, 744 A2d 745, 753 (Pa. 2000). Based on the evidence in the record, and the trial court's explanation of the denial, we conclude the trial

---

[4] Appellant argues that the amount paid by victim to acquire the property is not a proper measure of the value because victim mistakenly believed he purchased magnesium beams as opposed to aluminum beams. Nowhere does Appellant explain how this error by victim affected the price he paid for the property, which is a proper method for determining the value of the stolen property. Additionally, as articulated, the challenge goes to the weight of evidence, not the sufficiency.

court did not abuse its discretion in denying Appellant's weight of the evidence challenge.

Finally, Appellant argues that the trial court erred in not entertaining his ineffective assistance of counsel (IAC) claims. Specifically, Appellant argues that under **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013) said claims were reviewable. The trial court rejected Appellant's request on the basis that he was not eligible for collateral relief because he was sentenced to a fine.

The **Holmes** Court reiterated the general rule that claims focusing on counsel's performance presumptively should await collateral review, with two exceptions:

> First, we appreciate that there may be extraordinary circumstances where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; and we hold that trial courts retain their discretion to entertain such claims.
>
> . . . .
>
> Second, with respect to other cases and claims, including cases such as **Bomar**[5] and the matter *sub judice,* where the defendant seeks to litigate multiple or prolix claims of counsel ineffectiveness, including non-record-based claims, on post-verdict motions and direct appeal, we repose discretion in the trial courts to entertain such claims, but only if (1) there is good cause shown, and (2) the unitary review so indulged is preceded by the defendant's knowing and express waiver of his

---

[5] **Commonwealth v. Bomar**, 826 A.2d 831 (Pa. 2003).

entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA. In other words, we adopt a paradigm whereby unitary review may be available in such cases only to the extent that it advances (and exhausts) PCRA review in time; unlike the so-called *Bomar* exception, unitary review would not be made available as an accelerated, extra round of collateral attack as of right. . . . This exception follows from the suggestions of prior Court majorities respecting review of prolix claims, if accompanied by a waiver of PCRA review.

*Holmes*, 79 A.3d at 563-64 (footnotes omitted).

Thus, under *Holmes*, claims of ineffective assistance of counsel may be reviewed by a trial court if (i) the ineffectiveness is apparent from the record and meritorious such that immediate consideration best serves the interests of justice or (ii) if (1) there is good cause shown, and (2) the unitary review so indulged is preceded by the defendant's knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence.

Appellant claims, without much explanation, that he would be entitled to a review of his IAC claims under either test. Appellant's Brief at 26. We disagree.

Regarding the first test under *Holmes*, Appellant suggests that trial counsel should have challenged the underlying search warrant and the Commonwealth's determination of the stolen property's value. Appellant claims these "errors" are apparent from the record. N.T. Post-Sentence Motions Hearing, 8/3/15, at 17-18. However, the record is devoid of any

evidence of ineffectiveness, unless allegations of ineffectiveness amount to evidence of ineffectiveness. *Id.* Of course, they do not.

Regarding the second test under *Holmes*, Appellant fails to recognize that the test presumes that Appellant is entitled to PCRA review of his conviction and sentence. As also acknowledged by Appellant, however, Appellant is not entitled to PCRA relief.[6] Accordingly, Appellant did not meet the second test.

Finally, Appellant argues that, absent the opportunity to challenge his trial counsel ineffectiveness at this stage, he would be denied his right to assert his constitutional right to competent representation, which constitutes a denial of his procedural due process. Appellant's Brief at 26-28.

The right to challenge counsel's effectiveness is not absolute. Indeed, it is well-established that there is no due process right to non-custodial collateral reviews. *Commonwealth v. Turner*, 80 A.3d 754, 764-67 (Pa. 2013).[7] Appellant was sentenced to pay a fine, which makes him not eligible

---

[6] *See Commonwealth v. Reigel*, 75 A.3d 1284, 1288-1289 (Pa. Super. 2013) (appellant, who was sentenced to pay fine and costs only, not eligible to obtain PCRA relief); *Commonwealth v. Fisher*, 703 A.2d 714 (Pa. Super. 1997) (PCRA precludes relief for petitioners whose only sentence is a fine).

[7] Relying on *Holmes*, Appellant argues he is entitled to a hearing on trial counsel's ineffectiveness, regardless of the PCRA eligibility requirements. Appellant's Brief at 26. Appellant misreads *Holmes*. *Holmes* did not create an additional exception to the general rule under *Grant*, nor did it modify the PCRA eligibility requirements.

for collateral relief on his ineffective assistance of counsel claim. ***See***

***Reigel***, *supra*; ***Fisher***, *supra*.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2016