J-A01035-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| MATTHEW J. FAITH, | : | |
| Appellant | : | No. 920 WDA 2016 |

Appeal from the Judgment of Sentence May 24, 2016
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-SA-0002339-2015

BEFORE: BOWES, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED APRIL 11, 2017**

Matthew Faith (Appellant) appeals *pro se* from the judgment of sentence of $1,200 in fines following his summary convictions for violations of three ordinances of the borough of West Homestead. We affirm.

As we write for the parties, an extensive retelling of the facts is unnecessary. Suffice it to say that Appellant owns rental property in West Homestead; received notice of violations of the borough's property maintenance code; was convicted by the magisterial district judge; appealed for a *de novo* trial in the court of common pleas; was given opportunities to correct the violations, including a 90-day postponement by the trial court, but failed to do so; and ultimately was convicted of the violations with fines imposed.

---

*Retired Senior Judge assigned to the Superior Court.

Appellant timely filed a notice of appeal, and complied with the trial court's directive to file a statement of errors complained of on appeal. Therein, Appellant stated the following:

A. The honorable trial court erred and abused it's [*sic*] dis[c]retion by allowing the solicitor to mention that the condition of [Appellant's] property has been ongoing. The honorable court should only consider the charges put b[e]fore it on this matter and not consider prior offences [*sic*] or any other prior matters[.]

B. The honorable court erred in ruling that at 236 West 9th Ave. West Homestead, PA 15120 there was a dangerous situation concerning a bowed[] retai[n]ing wall as described by the [Commonwealth's] witness. The wall in question was repaired, no dangerous condition exists and the fine for this offence [*sic*] should be dismissed in entirety.

C. The honorable court erred in ruling that the property in question had not been worked on in a substan[t]ial matter as not only did [Appellant] need to get and hold a job for six (6) weeks to earn money to buy materials but the defendant is partially disabled having a herniated disc in his back and suffers from adult ADHD (attention deficit hyperten[s]ion disorder). [Appellant] made every effort at this time to comply with the Borough of West Homestead's ordinances. He met twice with the [Commonwealth's] witness and was informed that he would not be fined if he was "working with them" on this matter.

D. [Appellant] met with the borough's witness, Shawn Jacobs the very day before the hearing and pointed out the work he had done since he had taken pictures and was told to take pictures of what he had accomplished to present at [the] hearing. Mr. Jacobs acted in an egregious and dastardly manner in not pointing out that he had witnessed a great deal of progress in [Appellant's] making repairs to the front porch of the property located at 236 West Ninth Avenue, West Homestead, PA 15120 and other areas in and around the property.

E.   All fines should be dismissed in this case as [Appellant] put forth a good faith effort to comply with the borough's ordinances and doesn't have the means at this point in time to both repair the property and pay fines which serve no legit[i]mate purpose.

Concise Statement, 7/13/2016 (unnecessary capitalization omitted).

In this Court, Appellant presents the following seven questions:

1.   Whether the [trial court] had made a fair and impartial ruling based on the facts presented at the May 24, 2016 hearing.

2.   Whether [A]ppellant made a viable attempt at making the repairs and had informed Mr. Shawn Jacobs who is a subcontractor through Building Underwriters of Pa. Inc. of the extent of the pest damage caused by carpenter ants when he visited the property on the Friday prior to the May 24, 2016 hearing and that there had to be additional work which would take more time.

3.   Whether [A]ppellant ignored numerous contact[s] by the Borough regarding the inspection of the properties in question.

4.   Whether the Commonwealth provided accurate pictures depicting the work done on the property prior to the hearing on May 24, 2016.

5.   Whether the Opinion provided by the Honorable Judge Thomas E. [Flaherty] claiming that [] Appellant only worked on the property on the Friday[,] Sunday and Monday is accurate.  [] Appellant worked on the property removing debris which had accumulated for years due to a series of mishaps which were unavoidable, for weeks prior to the hearing.  There was no way for [] Appellant to know that carpenter ants existed on the aforementioned property prior to removal of the worn out shingles.

6.   Whether the court infringed on [A]ppellant[']s right to due process.

7.   That Shawn Jacobs's claim when he allegedly stated in the Honorable Judge Thomas E. Flaherty's Opinion filed August 23, 2016 is false when pertaining his statement that none of the violations had been addressed[.]

Appellant's Brief at 2-3 (suggested answers omitted).

From the above it is clear that Appellant has waived numbers 1, 3, 4, and 6 of his questions presented on appeal by failing to include them in his statement of errors complained of on appeal. **Commonwealth v. Rolan**, 964 A.2d 398, 409 (Pa. Super. 2008) ("Where the trial court orders an Appellant to file a concise statement of matters complained of on appeal under Pa.R.A.P. 1925, any issue not contained in that statement is waived on appeal." (internal quotation marks and citations omitted)).

Appellant's questions 2, 5, and 7 fall within paragraphs C, D, and E of his 1925(b) statement, and thus were preserved for our consideration. We address those issues mindful of our standard of review.

> Our standard of review from an appeal of a summary conviction heard *de novo* by the trial court is limited to a determination of whether an error of law has been committed and whether the findings of fact are supported by competent evidence. The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion.

**Commonwealth v. Reigel**, 75 A.3d 1284, 1286-87 (Pa. Super. 2013) (quoting **Commonwealth v. Marizzaldi**, 814 A.2d 249, 251 (Pa. Super. 2002)). Further, "[a]n appellant [] has the burden to convince us that there

were errors and that relief is due because of those errors." ***Commonwealth v. Wrecks***, 931 A.2d 717, 722 (Pa. Super. 2007).

With his preserved issues, Appellant suggests that he should not have been fined because he tried his best to fix up the property before the resumption of his trial, and the Commonwealth's witness failed to acknowledge that fact. Yet his brief contains the following summary of the argument, most of which has nothing to do with those issues or even any of the other questions we have deemed to be waived.

> Appellant argues that he did everything possible to comply with the Borough of West Homestead's Ordinances regarding the overall condition of property. Appellant further states that the Borough has put him in jeopardy by allowing the sewage company to turn off the water at 242 West 9th Ave. West Homestead, Pa without ever offering a payment arrangement. This has caused undue hardship as the property was before the Borough's harassing action a viable rental property. Furthermore the Borough's own property located at the corner of 9th Ave. and Hays [S]treet has walls which are falling or have fallen caused dangerous conditions which pose a hazard[] to anyone walking either on 9th Ave. or Hays Street.

> The Appellant[']s property poses no dangerous condition to the public and is in relatively good condition.

> The Appellant has made a good faith effort and continues to make repairs [to] the property.

Appellant's Brief at 6.

That is the full extent of Appellant's argument. His brief contains no separate argument section as mandated by Pa.R.A.P. 2111(a)(8), let alone one divided into as many parts as there are questions involved as provided

by Pa.R.A.P. 2119(a). The brief further is devoid of citations to the record or to any legal authority as is required by Pa.R.A.P. 2119(c) and (b). Not only has Appellant failed to explain how his alleged good-faith efforts would serve to preclude his convictions, he has not even informed this Court of the elements of the West Homestead ordinances which he was alleged to have violated.

Although we are willing to construe liberally the filings of a *pro se* party, the lack of legal training does not entitle a *pro se* litigant to special advantage. ***Rich v. Acrivos***, 815 A.2d 1106, 1108 (Pa. Super. 2003).

> Parties to an appeal are required to submit briefs in conformity, in all material respects, with the requirements of the Rules of Appellate Procedure, as nearly as the circumstances of the particular case will permit. Rules 2111 and 2114 through 2119 detail the specific requirements relevant to the brief of an appellant. Of particular importance is the provision of Rule 2119(a) that a brief must contain a developed argument augmented by citation to pertinent authorities. Arguments not appropriately developed are waived. It is not the duty of the Superior Court to act as an appellant's counsel, and it is an appellant's responsibility to establish both the purported errors and any entitlement to relief therefrom.

***Commonwealth v. Love***, 896 A.2d 1276, 1287 (Pa. Super. 2006) (citations omitted).

This Court will not do Appellant's research or make his arguments for him. We hold that Appellant's questions 2, 5, and 7 are waived. ***See***, ***e.g.***, ***Commonwealth v. Johnson***, 985 A.2d 915, 925 (Pa. 2009) ("Appellant's single-sentence 'arguments' for issues three and four fail to provide any

discussion of his claims; fail to provide any reasoned development whatsoever of why the challenged testimony was, in his view, 'unduly prejudicial;' and fail to include any citation to any authority. We have absolutely no idea what Appellant is arguing in issues three and four. As we will not develop Appellant's arguments for him, these issues are not reviewable. We hold that issues three and four are waived, and accordingly provide no basis upon which to grant Appellant relief." (emphasis omitted)).

Thus, we conclude that, between the failure to raise his appellate questions in his 1925(b) statement and his severely deficient brief, Appellant has waived all of his appellate claims.[1]

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/2017

---

[1] Our review of the record and the trial court's opinion evidences no error of law or abuse of discretion on the part of the trial court. *See* Trial Court Opinion, 8/24/2016, at 1-3 (unnumbered). Therefore, we would see no reason to disturb the trial court's findings even if Appellant had preserved a challenge to his convictions.