685 A.2d 1008

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Wilbert S. McGRADY.**

Superior Court of Pennsylvania.

Submitted Oct. 2, 1996.

Filed Nov. 19, 1996.

---

**2.** *See, McMahon v. Shea,* 441 Pa.Super. 304, 657 A.2d 938 (1995) allocatur granted, 544 Pa. 611, 674 A.2d 1074, Cavanaugh, J., dissent.

Scott A. Bradley, Assistant District Attorney, Pittsburgh, for Commonwealth, appellant.

Frank W. Ittel, Jr., Pittsburgh, for appellee.

Before KELLY, JOHNSON and OLSZEWSKI, JJ.

JOHNSON, Judge.

The Commonwealth appeals from the order that granted Wilbert S. McGrady's motion to suppress due to a violation of the Pennsylvania Municipal Police Jurisdiction Act, 42 Pa.C.S. §§ 8951–8954 ("the Act"). Because we find that the police officer in this case did not violate the Act by effectuating a traffic stop outside his primary jurisdiction, we reverse.

McGrady was charged with three counts of Driving Under the Influence of Alcohol or a Controlled Substance, 75 Pa.C.S. §§ 3731(a)(1), 3731(a)(4), and 3731(a)(5), and the summary offense of careless driving, 75 Pa.C.S. § 3714, in connection with a traffic stop conducted at approximately 1:00 a.m. on March 5, 1995. Ohio Township Police Officer Chris Simcoviak, while stopped in a parking lot on regular patrol in Emsworth, observed McGrady's vehicle driving toward Pittsburgh on Route 65 at a slower than normal speed and crossing the center line of the road. The officer followed McGrady to issue him a traffic citation. When Officer Simcoviak determined that the road conditions prevented him from safely ordering McGrady to pull his car to the side of the road, the officer followed McGrady through the boroughs of Ben Avon and Avalon before finally stopping McGrady's car.

As Officer Simcoviak approached the stopped vehicle, he noticed that McGrady's eyes were bloodshot, his speech was slurred, and that the vehicle smelled of alcohol. At the officer's request, McGrady submitted to several field sobriety tests, all of which he failed. Consequently, McGrady was arrested and charged with the above-stated offenses.

Prior to trial, McGrady filed an omnibus pre-trial motion that alleged a violation of the Act. Following a hearing, the trial court granted McGrady's motion to suppress. The Commonwealth asserts that this action effectively terminated the prosecution, and thus appeals to this Court. *Commonwealth v. Malinowski*, 543 Pa. 350, 671 A.2d 674 (1996).

The Commonwealth raises one issue for our review:

Whether the lower court erred in granting suppression based upon a violation of the Municipal Police Jurisdiction

Act where the evidence suppressed was obtained during a stop based on the officer's view of a summary traffic offense in his primary jurisdiction where the actual stop was ultimately made in a neighboring jurisdiction?

Brief for Appellant at 3.

■■■ When reviewing the suppression court's grant of a motion to suppress, this Court will consider only the evidence of the defendant's witnesses and so much of the evidence for the prosecution as, read in the context of the record as a whole, remains uncontradicted. *Commonwealth v. Chase*, 394 Pa.Super. 168, 575 A.2d 574 (1990). We are bound by the findings of fact that have support in the record, but we are not bound by the trial court's legal conclusions that are drawn therefrom. *Id.*

■ The Act provides, in pertinent part, as follows:

## § 8953. Statewide municipal police jurisdiction

(a) **General rule.**—Any duly employed municipal police officer who is within this Commonwealth, but beyond the territorial limits of his primary jurisdiction, shall have the power and authority to enforce the laws of this Commonwealth or otherwise perform the functions of that office as if enforcing those laws or performing those functions within the territorial limits of his primary jurisdiction in the following cases:

\*     \*     \*     \*     \*     \*

(2) Where the officer is in hot pursuit of any person for any offense which was committed, or which he has probable cause to believe was committed, within his primary jurisdiction and for which offense the officer continues in fresh pursuit of the person after the commission of the offense.

42 Pa.C.S. § 8953(a)(2). In interpreting this provision, the Statutory Construction Act provides that this statute is not within the class of statutes that are to be strictly construed; rather, the Act must be liberally construed to promote the interests of justice. 1 Pa.C.S. § 1928(b), (c); *Commonwealth v. Fetsick*, 392 Pa.Super. 264, 267, 572 A.2d 793, 794 (1990).

448

"The Act clearly does not contemplate or condone extra-territorial patrols. In fact, the entire purpose of the Act is to provide a general limitation on such activity while allowing exceptions, for, in essence, extra-territorial activity in response to specifically identified criminal behavior, that occur[s] within the primary jurisdiction of the police."

*Fetsick, supra,* at 268, 572 A.2d at 795, quoting *Commonwealth v. Merchant,* 385 Pa.Super. 264, 272–73, 560 A.2d 795, 799 (1989).

The trial court, in its Opinion filed pursuant to Pa.R.A.P. 1925, concluded that Officer Simcoviak did not have probable cause to believe that McGrady had committed an offense within the Officer's primary jurisdiction. Trial Court Opinion, filed March 6, 1996, at 2. The court cited only one case in support of its position, *Commonwealth v. McCandless,* 538 Pa. 286, 648 A.2d 309 (1994). We will therefore closely examine this decision.

In *McCandless,* a police officer sitting in his patrol car in the City of Franklin observed an automobile traveling alone on the highway at a speed much faster than other vehicles he had seen that evening on that road. The officer decided to follow the car to clock its speed. By the time the officer caught up with the defendant's vehicle, they had entered into an adjoining jurisdiction, Sandycreek Township. The officer began to clock the speeding vehicle in Sandycreek Township but, before testing was complete, the cars re-entered the City of Franklin. The officer determined that the vehicle was speeding and pulled the car over to issue the driver a traffic citation. The officer then discovered that the driver was intoxicated, and arrested the driver for driving under the influence. The driver filed a motion to suppress the blood test results and the statements he had given to police, asserting that the police officer had violated the Act. The trial court agreed, and granted the driver's motion to suppress.

In determining that suppression was proper, the Pennsylvania Supreme Court, with two Justices dissenting, held that an officer needs to have more than the suspicion that a driver

was violating the motor vehicle code to justify following him outside the officer's primary jurisdiction.

The test set forth in 42 Pa.C.S. § 8953(a)(2) is not whether an officer has observed something that would merely raise his suspicions, but rather whether he has probable cause to believe that an offense has been committed within his primary jurisdiction. As the suppression court held, probable cause was lacking in this case.

*McCandless, supra,* at 289, 648 A.2d at 311. The court stressed that the *only* evidence regarding probable cause was the officer's testimony that the vehicle in question was moving faster than other cars that he had observed on the same night. No estimates were available, from the officer or otherwise, regarding the speed of the vehicle before it left the officer's jurisdiction and entered Sandycreek Township, or before the officer began to clock the driver. Significantly, there was no evidence that anything erratic had been observed with regard to the manner in which the vehicle was being operated prior to the officer following the car. Our task in the present case, then, is to determine whether probable cause to believe that an offense has been committed existed before McGrady left Officer Simcoviak's primary jurisdiction.

■ Officer Simcoviak testified at the suppression hearing that the vehicle was traveling slower than normal for the type of road and the speed limit. N.T., September 25, 1995, at 16. In addition, "[t]he vehicle was in the middle of the lane, seemed to be hesitant with its driving, going a little quicker, a little slower, vice-versa." *Id.* The car was driving right on the center line, in the middle of the lane, veering in and out over the road. *Id.* When Officer Simcoviak left the parking lot to follow McGrady's car, he felt that a traffic violation was occurring, and, as he followed the car, the erratic driving became more pronounced. *Id.* at 19.

The defense did not call any witnesses at the suppression hearing. McGrady's entire argument on this point consisted of the assertion that Officer Simcoviak did not notice that McGrady was driving carelessly until he had already left his primary jurisdiction. The affidavit for issuance of process

signed by Officer Simcoviak states that the officer got behind McGrady "just before the bridge in Ben Avon," and then noticed the truck being driven carelessly. *Id.* at 32. No testimony was offered, however, concerning the location of this bridge and whether this area was in fact Ben Avon or Emsworth.

However, even in we were to assume, *arguendo,* that the bridge mentioned in the affidavit were in Ben Avon, Officer Simcoviak testified that, while he was in the parking lot in Emsworth, we saw McGrady drive unusually slowly and in the middle of the road. Officer Simcoviak testified that McGrady's driving in the middle of the road is a violation of the motor vehicle code, the summary offense of careless driving. *Id.* at 20. We agree. Thus, the officer could have stopped McGrady on the spot and issued a citation. The only reason that the officer waited to effectuate the stop was due to the unsafe conditions on the road.

█ In conclusion, we find that the instant case is distinguishable from *McCandless* in that there was more than just the officer's hunch that a traffic violation occurred. Officer Simcoviak observed the violation as he sat in his police cruiser in Emsworth. The officer is permitted by the Act to continue in pursuit of McGrady in order to issue a citation for the offense committed in his primary jurisdiction, and for which offense the officer continued in fresh pursuit after the commission of the offense. *Cf. Commonwealth v. Eisenfelder,* 444 Pa.Super. 435, 664 A.2d 151 (1995) (holding that the Act was not violated when an officer, on routine patrol, observed a car in a dark parking lot of a state park, outside the boundaries of his primary jurisdiction, approached the car intending to ask the occupants to leave as the park was closed, and noticed a strong odor of marijuana emanating from the car; the officer detained the occupants of the vehicle and waited for police from the jurisdiction to effectuate an arrest); *Fetsick, supra* (holding that a police officer, who observed a car with blinking headlights while outside the boundaries of his primary jurisdiction, had the authority to pursue and stop the vehicle as it entered the officer's primary jurisdiction, and the subsequent

citation for driving with a suspended license was not improper).

Based upon the foregoing, we conclude that the trial court erred in finding that the Act was violated when Officer Simcoviak stopped McGrady's car outside his primary jurisdiction. Accordingly, we reverse the suppression order and remand for trial.

Order **REVERSED.** Case **REMANDED.** Jurisdiction **RELINQUISHED.**