COMMONWEALTH of Pennsylvania,
Appellee

v.

John Charles LEE, II, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 29, 2008.

Filed March 13, 2009.

Ronald C. Makoski, Greensburg, for appellant.

John W. Peck, II, Asst. Dist. Atty., for Com., appellee.

BEFORE: MUSMANNO, DONOHUE and COLVILLE *, JJ.

OPINION BY DONOHUE, J.:

¶ 1 John Charles Lee, II ("Lee") appeals from the judgment of sentence entered following his conviction for driving under the influence ("DUI") pursuant to 75 Pa. C.S.A. § 3802(a)(1) and (c). For the reasons that follow, we reverse and remand for a new trial.

¶ 2 The factual and procedural background of this case is as follows. At approximately 11:30 p.m. on August 22, 2006, Lisa Jones ("Jones") was in her home on Schendel Road, Westmoreland County, when she heard a loud crash. Jones looked out her window and observed a pickup truck speed away. She went outside and found that her mailbox had been broken into pieces and that a large pine tree in her yard had been partially uprooted.

¶ 3 Jones called the police. Within five or ten minutes, Officer Lewis of the Penn Township Police Department arrived. Jones told Officer Lewis what she had observed. Officer Lewis examined the scene and observed a trail of antifreeze fluid in the street that began in front of Jones's house and led away from the residence. Officer Lewis and Officer Otto, who responded to the scene shortly after Officer Lewis arrived, followed the antifreeze trail for approximately one and a half miles. The trail ended at the driveway of Lee's house.

¶ 4 Officer Lewis parked in front of Lee's house and walked down Lee's drive-way. As he reached the end of the driveway, Officer Lewis could see the rear end of a pickup truck parked behind the residence. Officer Lewis proceeded to the pickup truck, where he observed that it had severe front end damage and that the front airbags had deployed. As Officer Lewis made his way back up the driveway, Lee's wife exited the house and approached the officers. Officer Lewis asked Lee's wife who had been driving the truck, and she responded that Lee had been driving it. When Lee's wife advised that Lee was inside the house sleeping, the officers asked her to go get him so they could talk to him. She did so, at which time Lee greeted the officers on his front porch. The officers immediately observed that he had bloodshot eyes, difficulty standing, and a strong odor of alcohol about him. A subsequently administered blood alcohol test revealed that Lee had a blood alcohol content of .27%.

¶ 5 Lee was charged with DUI and three summary offenses, failure to notify police of an accident, 75 Pa.C.S.A. § 3746(a)(2), accidents involving damage to unattended vehicle or property, 75 Pa. C.S.A. § 3745(a), and careless driving, 75 Pa.C.S.A. § 3714. Lee filed a motion to suppress the evidence against him, arguing that the police officers' entry onto his property without a warrant constituted an illegal search. The trial court denied Lee's suppression motion. Following a bench trial, Lee was found guilty of DUI only and sentenced to five years of intermediate punishment, 90 days of which were to be spent on electronic monitoring or house arrest. Notes of Testimony ("N.T."), 11/15/07, at 5.

¶ 6 This timely appeal followed, in which Lee contends that the trial court

---

* Retired Senior Judge assigned to the Superior Court.

erred in denying his motion to suppress because the police officers' warrantless entry onto his private property violated his constitutional rights under the Fourth Amendment to the United States Constitution and Article 1, Section 8 of the Pennsylvania Constitution.[1] Appellant's Brief at 8. Our standard of review when addressing a challenge to the denial of a suppression motion requires us to determine whether the record on appeal supports the trial court's factual findings and whether the legal conclusions drawn by the trial court from those facts are correct. *Commonwealth v. Wright*, 599 Pa. 270, 301–03, 961 A.2d 119, 137 (2008).

¶ 7 "The Fourth Amendment to the United States Constitution and Article 1, § 8 of the Pennsylvania Constitution require that searches be conducted pursuant to a warrant issued by a neutral and detached magistrate." *Commonwealth v. Copeland*, 955 A.2d 396, 399 (Pa.Super.), *appeal denied*, 599 Pa. 706, 962 A.2d 1194, 2008 WL 5087421 (Pa., Dec 03, 2008). "A warrantless search or seizure is *per se* unreasonable unless it falls within a specifically enumerated exception." *Wright*, 599 Pa. at 301, 961 A.2d at 137. Exigent circumstances provide one such exception to the warrant requirement. *Commonwealth v. English*, 839 A.2d 1136, 1141 (Pa.Super.2003). In *Commonwealth v. Roland*, 535 Pa. 595, 637 A.2d 269 (1994), our Supreme Court provided the following description of the applicable constitutional principles relating to exigent circumstances:

> In a private home,[2] searches and seizures without a warrant are presumptively unreasonable. Absent probable cause and exigent circumstances, the entry of a home without a warrant is prohibited under the Fourth Amendment. In determining whether exigent circumstances exist, a number of factors are to be considered[:]
>
> (1) the gravity of the offense, (2) whether the suspect is reasonably believed to be armed, (3) whether there is above and beyond a clear showing of probable cause, (4) whether there is strong reason to believe that the suspect is within the premises being entered, (5) whether there is a likelihood that the suspect will escape if not swiftly apprehended, (6) whether the entry was peaceable, and (7) the time of the entry, i.e., whether it was made at night. These factors are to be balanced against one another in determining whether the warrantless intrusion was justified.

---

1. The assessment of the validity of a warrantless search is comprised of two discrete inquiries: "first, whether there existed probable cause to search; and secondly, whether exigent circumstances can be found to excuse the obtaining of a warrant." *Wright*, 599 Pa. at 302, 961 A.2d at 137. In the present case, Lee challenges only whether there were exigent circumstances so as to permit the warrantless search of his premises. Appellant's Brief at 10. As such, we limit our discussion to that issue.

2. The area behind Lee's home where the car was parked is encompassed by the constitutional protections discussed herein. In its brief, the Commonwealth concedes that "[i]t is true that the curtilage area surrounding a private home is entitled to the protection of the Fourth Amendment as a place where occupants have a reasonable expectation of privacy that society is prepared to accept." Appellee's Brief at 5 (citing *Commonwealth v. Gindlesperger*, 706 A.2d 1216, 1219–20 (Pa.Super.1997)) ("The courts have extended Fourth Amendment protection to the "curtilage" of the home ....") (citing *Oliver v. United States*, 466 U.S. 170, 180, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984)). The United States Supreme Court has defined "curtilage" as "the area to which extends the intimate activity associated with the 'sanctity of a man's home and privacies of life.' " *Id.*

Other factors may also be taken into account, such as whether there is hot pursuit of a fleeing felon, a likelihood that evidence will be destroyed if police take the time to obtain a warrant, or danger to police or other persons inside or outside the dwelling. Nevertheless, police bear a heavy burden when attempting to demonstrate an urgent need that might justify warrantless searches or arrests.

*Id.* at 600, 637 A.2d at 270–71 (quotations and citations omitted); *Commonwealth v. Bostick*, 958 A.2d 543, 557 (Pa.Super.2008). Moreover, this Court has observed that, "the Commonwealth must present clear and convincing evidence that the circumstances surrounding the opportunity to search were truly exigent, [ ] and that the exigency was in no way attributable to the decision by police to forego seeking a warrant." *Commonwealth v. Rispo*, 338 Pa.Super. 225, 487 A.2d 937, 940 (1985) (quoting *Commonwealth v. Davis*, 270 Pa.Super. 202, 411 A.2d 250, 252 (1979)).

¶ 8 In this case, a balancing of the *Roland* factors demonstrates a lack of exigency for a warrantless search of Lee's property. The gravity of the offense was low, as the police were investigating a report of property damage at the time of the intrusion. The officers had no reason to believe that any occupants of the house were armed or posed any danger to anyone, as the crime involved was not a violent one. There is no evidence in the record to indicate that the occupants of the house were even aware of the presence of the police outside, and thus there was no reason for the officers to think that destruction of evidence was imminent or that a suspect might escape if not apprehended quickly before a warrant could be obtained. Finally, the officers searched Lee's property at night and the entry was peaceable.

¶ 9 The Commonwealth does not dispute that Lee had a reasonable expectation of privacy in the area behind his residence where the pickup truck was parked. Appellee's Brief at 5. Accordingly, lacking any exigent circumstances, the police officers should have obtained a search warrant before continuing their investigation onto the curtilage of Lee's property. By failing to do so, they violated Lee's constitutional rights to be free from unreasonable searches and seizures.

¶ 10 The trial court denied Lee's suppression motion on the theory of "hot pursuit", relying primarily on our decision in *Commonwealth v. Peters*, 915 A.2d 1213 (Pa.Super.2007), *affirmed,* — Pa. —, 965 A.2d 222 (2009). Trial Court Opinion, 4/10/08, at 2–3. In *Peters*, this Court determined that a police officer had the authority to make an arrest outside of his jurisdiction pursuant to section 8953(a)(2) of the Municipal Police Jurisdiction Act ("MPJA"), 42 Pa.C.S.A. § 8951 *et seq.* Section 8953(a)(2) permits a municipal police officer to go beyond the territorial limits of his primary jurisdiction if in "hot" or "fresh" pursuit of a person. In *Peters*, we concluded that section 8953(a)(2) was applicable because the officer in that case "*chased* Appellant from one scene to the next" and "*continuously* pursued Appellant without *interruption*" until the appellant was apprehended in a neighboring municipality. *Id.* at 1219–20 (emphasis in original).

¶ 11 The trial court's reliance on *Peters* in this case was misplaced, as what constitutes "hot" or "fresh" pursuit under section 8953(a)(2) of the MPJA is not coextensive with "hot pursuit of a fleeing felon" for purposes of an analysis of the scope of individual constitutional rights under the Fourth Amendment and Article I, section 8. This Court has held that the MPJA is not to be strictly construed, but rather

must be liberally interpreted to promote the interests of justice and public safety. *Commonwealth v. Lehman,* 582 Pa. 200, 204, 870 A.2d 818, 820 (2005); *Commonwealth v. McGrady,* 454 Pa.Super. 444, 685 A.2d 1008, 1009 (1996). In significant contrast, "hot pursuit of a fleeing felon" sufficient to create exigent circumstances for constitutional purposes requires a showing that "the need for prompt police action is imperative, either because the evidence sought to be preserved is likely to be destroyed or secreted from investigation, or because the officer must protect himself from danger.... *Rispo,* 487 A.2d at 939 (quoting *Commonwealth v. Holzer,* 480 Pa. 93, 102, 389 A.2d 101, 106 (1978)).

¶ 12 For example, in *Warden, Maryland Penitentiary v. Hayden,* 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967), police entered a private residence after reports that an armed robbery had taken place and that the suspect had just entered the premises less than five minutes before police arrived. Under these circumstances, the United States Supreme Court concluded as follows:

> The Fourth Amendment does not require police officers to delay in the course of an investigation if to do so would gravely endanger their lives or the lives of others. Speed here was essential, and only a thorough search of the house for persons and weapons could have insured that Hayden was the only man present and that the police had control of all weapons which could have been used against them or to effect an escape.

*Id.* at 298–99, 87 S.Ct. 1642; *see also Commonwealth v. Dommel,* 885 A.2d 998, 1005 (Pa.Super.2005) (where police followed a DUI suspect to his home and saw him enter the house, "hot pursuit" exception permitted immediate entry to arrest him), *appeal denied,* 591 Pa. 722, 920 A.2d 831

(2007); *Commonwealth v. Grundy,* 859 A.2d 485, 488–89 (Pa.Super.2004) (police permitted to enter a "chop shop" immediately because "[i]f the police had taken the time to first seek a warrant, the Nissan would have been in parts and junk by the time they got back.").

¶ 13 No such exigent circumstances existed in this case. The police officers were not in hot pursuit of a fleeing felon, and the record does not reflect that there was any significant threat of either destruction of evidence or danger to anyone if the police officers had first obtained a search warrant before entering onto Lee's private property. As a result, the entry by police was illegal and all evidence seized in violation of Lee's constitutional rights should have been suppressed. *See, e.g., Commonwealth v. Johnson,* 474 Pa. 512, 520, 379 A.2d 72, 75 (1977) ("Evidence obtained in violation of an individual's right to be free from unreasonable searches and seizures cannot be used against him at trial.").

¶ 14 Judgment of sentenced vacated. Case remanded for new trial. Jurisdiction relinquished.