J-A07021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| QUINDELL CAMPBELL | : | No. 699 EDA 2021 |

Appeal from the Order Entered March 10, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001547-2020

BEFORE:  DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED JULY 11, 2022**

The Commonwealth appeals the order granting Quindell Campbell's motion to suppress. We reverse and remand for further proceedings.

The Commonwealth charged Campbell with rape by forcible compulsion, involuntary deviate sexual intercourse, aggravated assault, and related crimes.[1] The charges stemmed from an incident on January 25, 2020, in Love Park in Philadelphia. N.T., Motions Hearing, 3/3/21, at 48. Campbell filed a motion to suppress his cell phone and his identification by an officer. *Id.* at 6. The following testimony was presented at the hearing on the motion.

Officer Louis Carlos Jose Dreyfus Matos testified that he arrived on the scene and heard the victim yelling and screaming for help. *Id.* at 48. Officer Matos saw the victim on her knees and a male standing in front of her. *Id.* at

---

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 3123(a)(1), and 2702(a)(1), respectively.

49. The male was later identified as Campbell. Officer Matos chased the male on foot but lost him. *Id.* at 50-53.

Six days later, on January 31, 2020, Campbell went to the Special Victims Unit to clear his name. *Id.* at 41-42. Detective Thomas Price and Detective Edward Enriquez saw Campbell when he arrived. *Id.* Detective Price testified that he believed that Detective Enriquez asked Campbell if he had a phone with him at the time, and Detective Enriquez told him that Campbell said, "he did not have one on him." *Id.* at 41. Detective Price testified that after being *Mirandized*[2] by Detective Enriquez, Campbell invoked his right to an attorney. *Id.* at 43.

Detective Enriquez testified that the following day, on February 1, 2020, he prepared and executed a search warrant for Campbell's home. *Id.* at 8. The search warrant was to obtain multiple items from the home including Campbell's cell phone. *Id.* at. 10.[3] Detective Price testified that he was present when they executed the search warrant, and as he was leaving the property, a detective told him that Campbell arrived as a passenger in his mother's car and immediately got out of the vehicle and began walking away from the

_____

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[3] The parties stipulated to the admission of the affidavit of probable cause, which stated that "the search was for the purposes of seizing any clothing and footwear worn by the subject on the day of the sexual assault, the subject's cell phone, take photos and to seize anything of evidentiary value." Affidavit of Probable Cause, dated 2/5/20, at 3; *see also* N.T., 3/3/21, at 10.

house. *Id.* at 20, 28. Campbell had what Detective Price believed to be a cell phone in his hand. *Id.* at 20. Detective Price walked toward Campbell and told him to shut the phone off and hand it over. *Id.* at 21. Campbell complied with the request. *Id.*

Detective Price testified that he took the phone for evidentiary purposes. *Id.* at 22. He testified that he had watched a surveillance video of the assault and had "observed what I believe to be a flash from a cell phone, as far as somebody taking a picture during the course of the assault." *Id.* He also testified that he took the phone "so that no evidence was destroyed, that being, the phone couldn't be cleared, couldn't be thrown away, destroyed or anything like that." *Id.* Detective Price specifically stated that at the time they executed the search warrant at Campbell's home, he had already viewed the surveillance video. *Id.* at 34.

Detective Price testified that on February 3, 2020, he prepared and obtained a search warrant to conduct forensic analysis of Campbell's phone. *Id.* at 23. In the affidavit of probable cause, he noted that the surveillance video of the attack shows a flash from an object in Campbell's hand, which could be a cell phone taking a photo. *Id.* at 25-26. He testified that he was not sure when he first observed the flash on the video but that it was before he confiscated Campbell's phone. *Id.* at 34.

The trial court granted the motion to suppress Campbell's phone but refused to suppress the identification by Officer Matos. N.T., Motions Hearing,

3/10/21, at 53, 54.[4] Regarding the phone, the court concluded that the detectives could have obtained a search warrant before confiscating it. *Id.* at 54. It also determined that "the exigent circumstances were created by the officer's pursuit of [Campbell], and then they got a warrant." *Id.* at 55. The Commonwealth appealed the order granting the motion to suppress.[5]

The Commonwealth raises the following issue: "Did the [trial] court err by suppressing evidence implicating [Campbell] in a sexual assault on the theory that, under the circumstances presented, no exigency existed and the police were required to obtain a warrant before seizing his cell phone in order to preserve evidence?" Commonwealth's Br. at 4.

When reviewing the grant of a suppression motion, "[w]e consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted." *Commonwealth v. Banks*, 165 A.3d 976, 979 (Pa.Super. 2017) (citation omitted). We determine whether the factual findings of the court are supported by the record and whether the court properly applied the

_____

[4] The motions hearing on March 3, 3021 ended abruptly due to the stenographer feeling ill. *See* N.T., 3/3/21, at 56.

[5] The court held a hearing on July 7, 2021, stating that it "neglected to recall from the first portion of the hearing certain salient information that would potentially change my mind as to the exigency of the circumstances[.]" N.T., Hearing, 7/7/21, at 4. It inquired as to whether the Commonwealth would withdraw its appeal based on this information. The court continued the case where the Commonwealth stated that it would not withdraw the appeal. N.T., Hearing, 7/12/21, at 4.

law to the facts of the case. ***See id.*** Additionally, we "determine the reasonableness of the inferences and legal conclusions drawn from those findings." ***Id.*** (citation omitted).

Both the United States and Pennsylvania Constitutions protect individuals from unreasonable searches and seizures. ***See Commonwealth v. Bostick***, 958 A.2d 543, 550 (Pa.Super. 2008). Absent an exception, police must have a warrant based on probable cause before they may conduct a search for or seize evidence. ***See Commonwealth v. Heidelberg***, 267 A.3d 492, 502 (Pa.Super. 2021) (*en banc*).

An exception to the warrant requirement is when there are exigent circumstances. Exigent circumstances exist where "the need for prompt police action is imperative, either because the evidence sought to be preserved is likely to be destroyed or secreted from investigation, or because the officer must protect himself from danger. . . ." ***Commonwealth v. Lee***, 972 A.2d 1, 5 (Pa.Super. 2009) (citation omitted).

The Commonwealth maintains that "exigent circumstances justified the warrantless seizure of [Campbell's] phone from his person." Commonwealth's Br. at 11. It argues that the trial court erred "by suppressing evidence implicating [Campbell] in a sexual assault on the theory that, under the circumstances presented, no exigency existed and the police were required to obtain a warrant before seizing his cell phone in order to preserve evidence[.]" ***Id.*** at 4. The Commonwealth contends that the police reasonably believed

that an immediate seizure of Campbell's phone was necessary to protect any evidence from being destroyed. ***See id.*** at 16.

In its Rule 1925(a) opinion, the court states that contrary to its ruling at the hearing, "justifiable exigent circumstances and probable cause to seize this cellular phone had existed." Pa.R.A.P. 1925(a) Opinion, filed 7/27/21, at 13. The court notes that the affidavit of probable cause for the search of Campbell's home stated that the officers intended to retrieve Campbell's phone. The court believes that the concern that any evidence on the phone could be destroyed "was credible, valid and imminent" because of Campbell's reaction to the police presence at his home, one day after Detective Enriquez had asked to see his phone. ***See id.*** at 12.

Exigent circumstances authorized the officers to seize Campbell's phone without first obtaining a search warrant. Detective Price testified that before executing the search warrant, he reviewed the surveillance video showing an assailant, whom he identified as Campbell, attacking the victim. He said that the video showed a flash that he thought was from a cell phone taking a picture of the victim. A day before they executed the search warrant, Detective Price asked Campbell if he had a cell phone and Campbell said he did not have one on him. When Campbell arrived at the house while police were executing the search warrant, instead of attempting to go into the house or speak with the police, Campbell got out of the car and walked away.

The record thus establishes that exigent circumstances existed sufficient to seize Campbell's cell phone without a warrant. As Detective Price testified, police needed to secure Campbell's cell phone promptly to prevent the possible destruction of evidence. We thus reverse the court's order insofar as it suppressed Campbell's cell phone.

Order reversed in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/2022